**BRILEY v. NATCHITOCHES MOTOR CO., Inc., et al.**

No. 5452.

Court of Appeal of Louisiana.
Second Circuit.

April 1, 1937.

Rehearing Denied April 30, 1937.

Writ of Certiorari and Review Denied
May 24, 1937.

Arthur C. Watson, of Natchitoches, for appellants.

John G. Gibbs, of Natchitoches, for appellee.

TALIAFERRO, Judge.

The Chevrolet sedan of plaintiff, George C. Briley, while being driven by his wife, collided with the Ford Tudor of the defendant J. R. Weaver, about 8 o'clock p. m., April 30, 1935, on the concrete bridge which spans Cane river at the city of Natchitoches, La. This suit was instituted by Briley and his wife to recover damages and loss sustained by them as a direct result of the collision. He sues for the amount paid to have his car repaired, for the amount paid a physician for professional services rendered Mrs. Briley, and for the amount expended by him for rent of a car to transact his business while his own car was undergoing repairs. She sues for the pain and physical injuries suffered by her.

The accident occurred about 80 feet from the east end of the bridge, which is 24 feet wide between parallel walks and at the time of the accident was well lighted. The Briley car was going easterly while that of Weaver was moving toward the west. He had been traveling southerly before making a right turn on a gravel highway to enter upon the bridge. Plaintiffs charge that the collision was solely due to Weaver's negligence in that he turned to his right immediately prior to reaching the bridge at a "terrific" rate of speed, and continued such speed, as he entered upon the bridge, and for this reason was unable to hold his car on his own side thereof, but crossed to plaintiff's side and ran into their car.

Plaintiffs also allege that at the time of the accident Weaver was an employee of the Natchitoches Motor Company, Incorporated, and was then and there performing the duties of his employment and acting within the scope thereof. This company and its public liability insurer, Standard Accident Insurance Company of Detroit, Mich., were joined as defendants and judgment in solido is prayed for against them and Weaver.

All defendants deny that the collision resulted from any negligence on the part of Weaver, but, on the contrary, charge that it was caused by the negligence and carelessness of Mrs. Briley in that her car

was being driven carelessly along the center of the bridge and without lights. All admit that Weaver was then an employee of the motor company, but deny he was on duty or performing service for his employer at the time. The insurer also denies that the Weaver car is within the coverage of the policy contract issued to the motor company. All, in the alternative, plead the contributory negligence of Mrs. Briley in bar of recovery by her or her husband. Weaver reconvened and sued plaintiffs for the amount expended by him in repairing the damages inflicted upon his car.

There was judgment for Mr. Briley for the amounts he sued for and in favor of Mrs. Briley for $50 against all three defendants, and they have appealed. The reconventional demand of Weaver was rejected.

█ We are convinced that Weaver was not performing any service for his employer when the accident occurred. His regular hours of duty were from 7 o'clock a. m. to 6 o'clock p. m. He owned the car he was driving and says he was en route to the city of Natchitoches for personal pleasure when the accident occurred. His duties were to sell secondhand cars for his employer and, while he admits he would gladly close a sale at night and after regular duty hours states that such is rarely ever done and is positive he did not engage in any effort of the kind after leaving the company's place of business on that date. He is corroborated by Mr. Stroud, the motor company's secretary-treasurer. The insurance policy, of course, does not cover the cars of the motor company's employees while not being used in the furtherance of its business. These conclusions necessarily absolve the motor company and its insurer from liability for damages resulting from the accident.

█ The testimony concerning the accident is quite conflicting. Mrs. Briley was accompanied by Mr. M. L. Dismukes then mayor of Natchitoches, and his wife. He was injured also, but did not take the stand as a witness although present in court. Mrs. Briley is positive she was driving on her proper side of the bridge roadway; that her car's lights were then burning brightly; and that Weaver came upon the bridge at a very rapid rate of speed and ran into her car. Her version of the facts of the collision is corroborated by Mrs. Dismukes and by the testimony of a man by the name of Ortemeyer, who was also driving across the bridge about 360 feet to the rear of the Briley car. This version of the accident is supported by the nature and location of the injuries to the Briley car. The Weaver car's left front end rammed its left side; and again, an accident of this character would not be unexpected if it be conceded that the Weaver car was being driven at a rapid rate of speed, making a sharp right curve to enter the roadway of the bridge.

Weaver says his car was run into by the Briley car on his side of the bridge, and he is corroborated in this version by the testimony of a police officer of the city of Natchitoches. This officer did not see the accident, but was among the first persons to reach the scene thereafter. He says both cars were on Weaver's side of the bridge when he arrived and that they were removed to allow traffic to pass on that side. In this respect his testimony is flatly contradicted by Mrs. Briley, Mrs. Dismukes, and Ortemeyer. The probative weight of his testimony is affected by proof of statements made by him, out of court, inconsistent therewith.

We are of the opinion that plaintiff's case is sustained by a preponderance of the testimony and that the judgment against Weaver is correct. There is no criticism by either side of the extent of the awards. We think the record supports the lower court's conclusions thereon.

For the reasons given herein, the judgment appealed from is annulled, avoided, and reversed, in so far as it condemns the Natchitoches Motor Company, Incorporated, and Standard Accident Insurance Company of Detroit, Mich., and in other respects it is affirmed.